MAGGS, Judge,
concurring:
I generally agree with the court’s reasoning and judgment, but I write separately to explain my additional views.
The precise legal theory underlying appellant’s assignment of error is unclear. As the court correctly asserts, appellant has not alleged that his trial defense counsel is ineffective. At the same time, however, appellant relies on two eases in which ineffective assistance of counsel was asserted: United States v. Lee, 52 M.J. 51 (C.A.A.F.1999), and United States v. Watkins, ARMY 20110040, 2012 WL 1956767 (Army Ct.Crim.App. 30 May 2012) (summ. disp.). In these circumstances, I think it is best to decide this ease by comparing it to the principal precedents that he cites. This comparison, in my view, requires us to affirm the findings and sentence.
In United States v. Lee, the appellant said at trial that he did not want to suffer the humiliation of a punitive discharge. In addition, the appellant and some of his family members asked the convening authority to disapprove a dishonorable discharge and allow him to leave the Army with a general discharge. The appellant’s defense counsel, however, in contradiction to these stated positions, asked the convening authority to commute the dishonorable discharge to a bad-conduct discharge. The convening authority approved the dishonorable discharge. The appellant subsequently asserted that his defense counsel was ineffective, but our superior court affirmed. See Lee, 52 M.J. at 52-53.
In Lee, our superior court recognized that an ineffective assistance claim requires a showing that counsel was deficient and that the appellant was prejudiced. See id. On the issue of deficiency of counsel, the court noted:
[Tjhere is no assertion and no evidence that defense counsel did not consult with appellant before submitting the clemency package. Furthermore, there is no evidence that, once appellant was confronted with the possibility that the convening authority would approve the adjudged dishonorable discharge, he told his defense counsel that he objected to asking the convening authority to reduce the dishonorable discharge to a bad-conduct discharge.
Id. at 52-53. While these factors suggested that Appellant Lee’s counsel had not been shown to be deficient, the court ultimately concluded that it did not have to decide the issue of deficiency because the appellant had suffered no prejudice. See id. at 53. The Court reasoned: “The record demonstrates that the convening authority would not have disapproved the dishonorable discharge, because he was unwilling to take the lesser step of commuting it to a bad-conduct discharge.” Id.
The present case is indistinguishable from Lee. As in Lee, it is far from clear that appellant’s counsel was deficient even though he did not follow a prior request to submit deferral requests to the convening authority. In this case, as in Lee, there is no assertion and no evidence that appellant and his defense counsel did not consult about whether to submit deferral requests or that appellant objected to not submitting any such requests following such consultation. And in this case, as in Lee, there is no showing of possible prejudice. The convening authority denied any clemency. Appellant has not suggested in his brief any reason that the convening authority might have thought deferral of automatic forfeitures would be appropriate even if it had been asked for.
In our unpublished decision in United States v. Watkins, ARMY 20110040, 2012 WL 1956767 (Army Ct.Crim.App. 30 May 2012) (summ. disp.), we reached a different conclusion, and set aside the convening authority’s action where defense counsel did not request automatic forfeitures as instructed by his client. The Watkins case is different, however, because the record contained substantial evidence of possible prejudice. We noted in that case that the appellant had “expressed great concern for the care and *668 support of his wife and child, both during trial and in his post-trial clemency submissions.” Watkins, 2012 WL 1956767, at *1. There is nothing comparable in this case; appellant is a Private E-l with no dependents, and he expressed no such concerns.
For these reasons, I would follow Lee, distinguish Watkins, and affirm the findings and sentence.